UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO CERAME<br>           Plaintiff,<br><br>v.<br><br>EDWARD LAMONT AND RICHARD COLANGELO<br>           Defendants. | Civil Action No. 3:21-cv-01508-JCH |

## 26(F) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: November 10, 2021

Date Complaint Served: November 23, 2021

Date of Defendants' Appearance: December 10, 2021

Pursuant to Fed. R. Civ. P. 16(v), 26(f), and D. Conn. L. Civ. R. 16, a conference was held on January 13, 2022. The participants were:

Mario Cerame, pro se.

Michael Skold and Dennis Carnelli for Defendants.

**I.      Certification**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.   **Jurisdiction**

    A.   **Subject Matter Jurisdiction**

Plaintiff alleges that because this action arises under the Constitution of the United States and 42 U.S.C. §1983, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Defendants dispute that this Court has subject matter jurisdiction because Plaintiff's claims are barred by the Eleventh Amendment and he lacks standing.

    B.   **Personal Jurisdiction**

Personal jurisdiction is not contested.

III.   **Brief Description of Case**

    A.   **Claims of Plaintiff**

Plaintiff claims Connecticut General Statutes § 53-37 is unconstitutional on its face. Plaintiff seeks to permanently enjoin enforcement of the statute. Plaintiff reserves the right to supplement his claims with additional grounds in response to research and Defendants' arguments.

    B.   **Defenses and Claims of Defendants:**

Defendants contend that this action is barred by the Eleventh Amendment, that Plaintiff lacks standing, and that the Complaint fails to state a claim. Defendants reserve the right to raise any additional claims and defenses that further research and discovery may reveal.

    C.   **Defenses and Claims of Third Party Defendants:**

Not applicable.

IV.   **Statement of Undisputed Facts**

Defendants intend to file a motion to dismiss for lack of jurisdiction by the current deadline of February 14, 2022. As discussed below, the parties agree that further proceedings in the case, including discovery and development of facts, should be stayed until after the Court resolves the

jurisdictional motion to dismiss. If the Court denies that motion, the parties anticipate that there are unlikely to be many, if any, material facts in dispute and that there is a reasonable likelihood that the parties will be able to agree on a set of stipulated facts. Due to the jurisdictional issues, however, the parties agree that it would be in the interest of efficiency and judicial economy to identify any undisputed facts only if the Court denies the anticipated motion to dismiss.

## V. Case Management Plan

### A. Initial Disclosures

The parties agree to waive initial disclosures.

### B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

Plaintiff does not intend to amend the Complaint. Neither party intends to join other parties. Defendants anticipate filing their response to the Complaint by the current deadline of February 14, 2022.

### E. Discovery

Defendants intend to raise several jurisdictional issues in their anticipated motion to dismiss, including but not limited to the Eleventh Amendment. The Eleventh Amendment in particular provides Defendants with both an immunity from liability and from suit, including the obligation to participate in pre-trial discovery. *See, e.g., Brooklyn Legal Servs. Corp. B v. Legal Servs. Corp.*, 462 F.3d 219, 235 (2d Cir. 2006), quoting *Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83, 94 (1998)*; NRP Holdings, LLC v. City of Buffalo*, No. 11-CV- 472S(F), 2016 WL 6694247 at *1 (W.D.N.Y. Nov. 15, 2016), citing *Anderson v. Creighton*, 483 U.S. 635, 653 n. 5 (1987). Although Plaintiff reserves the right to seek limited discovery on the jurisdictional issues once he reviews the motion to dismiss, the parties agree that discovery on Plaintiff's substantive claims must be stayed until after the Court resolves the motion to dismiss. If the Court denies the motion, the parties will convene and propose a schedule for discovery and the filing of cross motions for summary judgment, although the parties anticipate that Plaintiff's substantive claims will require only minimal discovery for either party.

Given the nature of the case, the parties do not anticipate that either party will have a claim or counterclaim for damages.

Given the nature of the case, the parties do not anticipate needing to preserve, disclose, or manage electronically stored information. In the event it appears that discovery of electronically stored information will be sought by either party, the parties will promptly meet and confer in good faith concerning the disclosure and preservation of such electronically stored information.

Given the nature of the case, the parties do not anticipate needing to preserve, disclose, or manage information stored in paper or other non-electronic forms. In the event it appears that discovery of information stored in paper or other non-electronic forms will be sought by either

party, the parties will promptly meet and confer in good faith concerning the disclosure and preservation of such information.

Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting claims of privilege after production. The parties agree to follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5).

### F.    Summary Judgment Motions

Because the parties agree that discovery should be stayed until after the Court resolves the jurisdictional motion to dismiss, they further agree that it would be premature to set a firm date for the submission of motions for summary judgment until after a discovery schedule is established, if necessary. This should not inconvenience the Court or delay progression of the case because, as discussed above, if the Court denies the motion to dismiss then the parties anticipate that there is a reasonable likelihood they will be able to agree on stipulated facts and proceed to cross motions for summary judgment in a timely fashion.

### G.    Joint Trial Memorandum

Given the nature of the case, the parties do not anticipate that a trial will be necessary and thus do not expect that a joint trial memorandum will need to be filed.

### VI.    Trial Readiness

Given the nature of the case, the parties do not anticipate that a trial will be necessary for its resolution.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Respectfully submitted,

The Plaintiff, pro se:

/s/ Mario Cerame ct30125     Date: January 24, 2022
Mario Cerame
73 Wadsworth Street
Hartford, Connecticut 06106
T: 860.527.9973
F: 860.527.5929
E: mario@brignole.com


Defendants Edward Lamont and Richard Colangelo:

By: /s/ Dennis M. Carnelli     Date: January 24, 2022
Dennis M. Carnelli (ct30050)
Michael K. Skold (ct28407)
Assistant Attorney General
Office of the Attorney General
165 Capitol Ave
Hartford, CT 06106
Phone: 860.808.5020
Facsimile: 860.808.5347
dennis.carnelli@ct.gov
michael.skold@ct.gov