UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO CERAME | : | CIVIL NO. 3:21-cv-01508(JCH) |
| v. | : | |
| EDWARD LAMONT, et al. | : | JULY 18, 2022 |

**<u>DEFENDANT'S OBJECTION IN REPSONSE TO THIS COURT'S ORDER DATED JULY 11, 2022 (DOC. 37)</u>**

Pursuant to this Court's order dated July 11, 2022 (Doc. 37), the defendant[1], the Chief State's Attorney, respectfully objects to this Court's intention to certify a question to the Connecticut Supreme Court, in connection to the defendant's pending Motion to Dismiss (Doc. 20). For the reasons that follow, the defendant submits that such certification is unnecessary to act on, and grant, the defendant's pending motion to dismiss.

The defendant asserts that an answer to the question of "Does the speech alleged in Cerame's Complaint (paragraphs 13-18) come within the scope of the phrase 'by his advertisement' as that phrase is used in Section 53-37 of the Connecticut General Statutes?" (Doc. 37) is not necessary and does not have any bearing on the defendant's argument that this Court lacks subject matter jurisdiction over this action as the plaintiff's claim is barred by the Eleventh Amendment. Indeed, the defendant submits that an answer to the question proposed by the Court does not negate his argument that plaintiff has failed to overcome the Eleventh Amendment bar because he has not – and simply cannot – establish that the defendant has a *duty* or any willingness to enforce § 53-37. (*See* Doc. 20 at 9-20). The defendant continues to maintain that he is not clothed

---

[1] In his Opposition to Defendants' Motion to Dismiss (Doc. 28), the plaintiff concedes that the Eleventh Amendment bars this pre-enforcement challenge to Connecticut General Statutes § 53-37 as to Governor Edward Lamont. (*Id*. at 1-2) As such, the only remaining defendant in this matter is the current Chief State's Attorney ("CSA").

1

with any such duty under Connecticut law to enforce § 53-37 and, consequently, the plaintiff cannot establish that the defendant is duty-bound to enforce § 53-37 under Connecticut law and has resultantly failed to establish that the defendant is a proper party to this action for purposes of *Ex parte Young*. (See Id.)

Moreover, even if this Court were to certify such question to the Connecticut Supreme Court, the answer to this inquiry does little to aid in the determination of whether the plaintiff has established a concrete pre-enforcement injury-in-fact under Article III. In short, because plaintiff's purported injury necessarily hinges not on any actual restriction of his First Amendment rights but on a purported chill on his speech, there simply is no basis for this Court to intervene when the plaintiff continues to engage in his desired speech and has not been prosecuted for doing so. As argued in the defendant's motion to dismiss, setting aside whether the conduct alleged amounts to the speech encompassed in § 53-37, plaintiff has not alleged any facts to suggest that enforcement of the statute as to him or any of the conduct he alleges to engage in is "imminent" or "likely" sufficient to overcome Eleventh Amendment immunity and invoke standing. (*See* Doc. 20 at 21-26); *See Knife Rights, Inc. v. Vance,* 802 F.3d 377, 384 (2d Cir. 2015) (there must be sufficiently imminent risk of enforcement to establish injury-in-fact in pre-enforcement actions); *Goodspeed Airport, LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n,* 632 F. Supp. 2d 185, 189 (D. Conn. 2009) (*Ex Parte Young* exception does not permit claims where enforcement actions are not "imminent" and officials have not "made clear" they will seek to enforce statute).

Furthermore, the Court need not obtain an answer to the certified question because the "speech" alleged by the Plaintiff, which in no way resembles the conduct on which plaintiff claims that historical prosecutions of § 53-37 have proceeded, cannot possibly fall under the definition of "by his advertisement" when the plaintiff has not expressly alleged in paragraphs 13 through 18

of his Complaint any the speech that could reasonably be defined as "advertisement". The speech the plaintiff refers to occurs among "other individuals or himself or both on the basis of Italian heritage or on the basis of being an American national", or "with his closest and dearest friends… in an open forum with others present or on the internet" or "in his personal life" or as his work as an "advocate for speech rights and association rights" or "in advising others on speech rights" or by "enjoy[ing] the work of a number of comedians from a number of different backgrounds." (Doc. 1, p. 2-4)

Rather than certify the proposed question to the Connecticut Supreme Court, the defendant encourages this Court to follow the plain meaning rule pursuant to General Statutes § 1-2z in construing the meaning of "by his advertisement." *See Ledyard v. WMS Gaming, Inc.*, 338 Conn. 687, 696 (2021). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *State v. Marsh & McLennan Cos.*, 286 Conn. 454, 464-65 (2008); see also *Rizzo Pool Co. v. Del Grosso*, 232 Conn. 666, 676 (1995) (*Rizzo*).

Here, the phrase "by his advertisement" is plain and unambiguous. As the Court determined in *Sherwood*, adopting a Connecticut trial court's interpretation of "advertisement," means "a

3

public notice, usually paid for, as of things for sale, needs, etc. which relates to a paid article to bring the public's attention to something for the purpose of promoting the sale of the subject matter in question." *Nat'l Socialist White People's Party & Fred Sherwood v. Southern New England Telephone Company, et al.*, Civil No. H-74-230 (D. Conn. 1975) (three-judge court) (emphasis added) (internal citations omitted) (See Doc. 20-2). This Court need look no further than this definition, and thus certification of the proposed question is unnecessary.

In sum, defendant respectfully submits that the Court should rule upon the defendant's Eleventh Amendment and standing arguments, neither of which require certification of the proposed question, as discussed above.

Respectfully submitted,

DEFENDANT
Richard Colangelo

WILLIAM TONG
ATTORNEY GENERAL

BY: */s/ Janelle R. Medeiros*
Janelle R. Medeiros
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct30514
E-Mail: Janelle.medeiros@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591

*/s/ Lisamaria T. Proscino*
Lisamaria T. Proscino
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct30588
E-Mail: lisamaria.proscino@ct.gov
Tel.: (860) 808-5450

4

Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that on July 18, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Lisamaria T. Proscino*
Lisamaria T. Proscino
Assistant Attorney General