UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO CERAME,<br>    Plaintiffs, | :<br>: | CIVIL CASE NO.<br>3:21-CV-1508 (JCH) |
| v. | :<br>: | |
| NED LAMONT, JR.,<br>ET AL.,<br>    Defendants. | :<br>:<br>:<br>: | APRIL 19, 2023 |

**RULING ON MOTION TO DISMISS (DOC. NO. 20)**

**I.    INTRODUCTION**

Plaintiff Mario Cerame ("Cerame"), a Connecticut attorney, brings this pre-enforcement action pro se against defendant Connecticut Chief State's Attorney Patrick J. Griffin ("the CSA"),[1] alleging that section 53-37 of the Connecticut General Statutes ("section 53-37") violates Cerame's right to free speech under the First and Fourteenth Amendments of the United States Constitution.  Section 53-37 makes it a class D misdemeanor for "[a]ny person, who, by his advertisement, ridicules or holds up to contempt any person or class of persons, on account of the creed, religion, color, denomination, nationality or race of such person or class of persons. . . ."  Conn. Gen. Stat. § 53-37.

Before this court is the defendant's Motion to Dismiss ("Mot. to Dismiss") (Doc. No. 20), which the plaintiff opposes.  See Memorandum in Opposition to Motion to

---

[1] Chief State's Attorney Griffin was substituted for Richard Colangelo in this action following the latter's retirement on March 31, 2022.  See Order Certifying Question RE: Defendants' Motion to Dismiss to the Supreme Court of Connecticut ("Certification Order") at 1 n.1 (Doc. No. 41).  Additionally, Cerame "has withdrawn his claim as to the Governor[.]"  Id. at 2 n.2.

1

Dismiss ("Pl.'s Mem.") (Doc. No. 28).  For the reasons set forth below, the Motion to Dismiss is granted.

## II.     BACKGROUND

The court assumes familiarity with the factual allegations in this case, as described in the Order Certifying Question RE: Defendants' Motion to Dismiss to the Supreme Court of Connecticut.  See Certification Order at 5–7.

On February 9, 2022, the defendant moved to dismiss plaintiff's Complaint, asserting, inter alia, that Cerame lacks Article III standing due to his failure to allege a concrete injury-in-fact; namely, that he faces a credible threat of prosecution for engaging in protected speech that runs afoul of section 53-37.  See Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mem.") at 14–25 (Doc. No. 20-1); see also Reply in Support of Motion to Dismiss ("Def.'s Reply") at 4–8.  On May 3, 2022, Cerame opposed dismissal by arguing that, based on the historic enforcement of section 53-37, he possessed "a genuine apprehension that certain protected speech [he] would engage in exposes [him] to arbitrary enforcement and prosecution" under the statute. Pl.'s Mem. at 7–17.  Indeed, this standing dispute turns on "whether Cerame's alleged conduct—engaging in race-, nationality-, or religion-based ridicule among his friends and while working, including, occasionally, in an open forum or on the internet—falls within the scope of Section 53-37."  Certification Order at 2.  Moreover, the extent to which such speech falls within the ambit of the statute depends on whether section 53-37 "applies only to 'advertisement' and excludes the kinds of statements Cerame allegedly makes because he does not make them 'by his advertisement.'"  Id.

Faced with a dearth of precedent on the determinative "advertisement" issue, this court certified the following question to the Connecticut Supreme Court on July 20, 2022:

> Does the speech alleged in Cerame's Complaint (paragraphs 13-18) come within the scope of the phrase "by his advertisement" as that phrase is used in section 53-37 of the Connecticut General Statutes?

Certification Order at 13.  In an opinion dated April 11, 2023, the Connecticut Supreme Court answered the certified question unequivocally: "No."  Cerame v. Lamont, 346 Conn. 422, 431 (2023).  Ultimately, it found that the "uncontroverted evidence demonstrates that [section] 53-37 was not intended to encompass the type of personal, noncommercial speech alleged in the plaintiff's complaint."  Id.

## III.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving the existence of subject matter jurisdiction.  Id.  In determining whether the plaintiff has met this burden, the court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the plaintiff.  Carter v. HealthPort Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  The court may also rely on evidence outside a complaint in deciding a Rule 12(b)(1) motion.  Makarova, 201 F.3d at 113.

Whether a party has standing to bring a claim is a jurisdictional question.  See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005) ("If [a] plaintiff[ ] lack[s] Article III standing, a

3

court has no subject matter jurisdiction to hear [his] claim."). Because standing is not merely a pleading requirement but "an indispensable part of the plaintiff's case," a plaintiff must support each of the three elements of standing "with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). At the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each of the elements of standing. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975).

## IV.   DISCUSSION

In moving to dismiss, the defendant argues that Cerame lacked Article III standing as a result of failing to allege both that he engages in protected speech proscribed by section 53-37 and that he faces a credible threat of prosecution for that speech. See Def.'s Mem. at 14–25. On the other hand, Cerame maintains that his speech falls within the ambit of section 53-37 and that he has a genuine fear of prosecution pursuant to the statute. See Pl.'s Mem. at 7–17.

It is well established that there are three elements to Article III standing: "[A] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 578 U.S. at 338. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 339 (quoting Lujan, 504 U.S. at 560). In the context of a pre-enforcement First Amendment claim, however, courts in this Circuit apply "somewhat relaxed standing . . . rules." Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 689 (2d Cir. 2013).

Two overlapping types of injuries may confer Article III standing for pre-enforcement First Amendment challenges.  See Libertarian Party of Conn. v. Merrill, 2016 WL 10405920, at *4 (D. Conn. Jan. 26, 2016).  The first type of injury requires that the plaintiff allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute [under which] there exists a credible threat of prosecution. . . ."  Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159 (2014) (quoting Babbitt v. Farm Workers, 442 U.S. 289, 298 (1979)).  Put simply, the plaintiff must allege an "actual and well-founded fear that the law will be enforced against [him]." Virginia v. Am. Booksellers Ass'n, Inc., 484 U.S. 383, 393 (1988); see also Am. Booksellers Found. v. Dean, 342 F.3d 96, 101 (2d Cir. 2003) ("Plaintiffs have therefore met the threshold for establishing standing for a First Amendment claim by demonstrating 'an actual and well-founded fear that the law will be enforced against [them].'" (quoting Vt. Right to Life Comm., Inc. v. Sorrell, 221 F.3d 376, 382 (2d Cir. 2000)).

The second type of injury "occurs when a plaintiff is 'chilled from exercising h[is] right to free expression or foregoes expression in order to avoid enforcement consequences.'"  Libertarian Party of Conn., 2016 WL 10405920, at *4 (quoting Blum v. Holder, 744 F.3d 790, 796 (1st Cir. 2014)).  "A plaintiff must allege something more than an abstract, subjective fear that his rights are chilled in order to establish a case or controversy. . . .  But a real and imminent fear of such chilling is enough."  Walsh, 714 F.3d at 689; see also Whole Woman's Health v. Jackson, 142 S. Ct. 522, 538 (2021) ("[T]he chilling effect associated with a potentially unconstitutional law being on the books is insufficient to justify federal intervention in a pre-enforcement suit." (quotation

5

marks and citation omitted)).  Accordingly, pleading an injury-in-fact arising out of the chilling effect of a statute requires a plaintiff to offer allegations to "substantiate his claim that the challenged [statute] has deterred him from engaging in protected activity." Latino Officers Ass'n v. Safir, 170 F.3d 167, 170 (2d Cir. 1999) (quoting Bordell v. General Elec. Co., 922 F.2d 1057, 1060–61 (2d Cir. 1991)).

At the heart of both types of injury-in-fact is whether the plaintiff faces "a credible threat of prosecution."  Susan B. Anthony List, 573 U.S. at 159.  Here, the Connecticut Supreme Court has made clear that Cerame does not.  Cerame, 346 Conn. at 427. Indeed, the Connecticut Supreme Court specifically held that section 53-37 "was not intended to encompass the type of personal, noncommercial speech alleged in the plaintiff's complaint."  Id. at 431.  Accordingly, Cerame has failed to allege an injury-in-fact, and the court dismisses his sole claim of deprivation of First Amendment rights for lack of jurisdiction.

**V.    CONCLUSION**

For the foregoing reasons, the defendant's Motion to Dismiss (Doc. No. 20) is granted.  Where, as here, "a case is dismissed for lack of Article III standing, . . . that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice."  Katz v. Donna Karen Co., L.L.C., 872 F.3d 114, 121 (2d Cir. 2017) (emphasis in original).  As such, Cerame's claim is dismissed without prejudice.  Still, the Clerk is directed to close the case.

6

**SO ORDERED.**

Dated at New Haven, Connecticut this 19th day of April 2023.

        /s/ Janet C. Hall
Janet C. Hall
United States District Judge